UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

STEVE CHATELAIN                                               CIVIL ACTION

v.                                                            NO. 18-7242

UNITED STATES DEPARTMENT                                      SECTION "F"
OF HOMELAND SECURITY, ET AL.

ORDER AND REASONS

Before the Court is the defendants' motion for summary judgment. For the reasons that follow, the motion is GRANTED.

**Background**

This lawsuit arises from an attempt to collect additional flood insurance proceeds after catastrophic rains caused flooding in southeast Louisiana in August 2016.

From August 13-15, 2016, heavy rains in southeast Louisiana caused flooding, which damaged Steve Chatelain's property located at 29494 West Bates Road in Hammond, Louisiana. Chatelain had purchased a Standard Flood Insurance Policy issued directly through the Federal Emergency Management Agency, under the

National Flood Insurance Program, which was then in effect to insure his Hammond residence.[1] The building had a liability limit of $250,000 with a $1,250 deductible; contents coverage was limited to $100,000 with a separate $1,250 deductible.

When Chatelain notified FEMA of his flood loss, FEMA sent an independent adjuster for inspection. Working with the adjuster, Chatelain submitted a proof of loss to FEMA dated October 28, 2016 in the amount of $75,898.48. FEMA denied that proof of loss, but accepted Chatelain's revised claim for $77,032.19, which deducted certain above-water items from his contents estimate and sought additional replacement cost coverage. By November 2016, FEMA had paid Chatelain the total amount of $77,032.19 ($60,006.45 for building and $17,005.74 for contents; both after deductibles). FEMA explained in a November 28, 2018 letter that it denied the original proof of loss, but that it accepted the claim for the revised amount; FEMA also wrote: "[i]f you do not agree with the final decision reached on your claim, please refer your [SFIP]...which states...'If you do sue, you must start the suit within 1 year after the date of written denial of all or part of the claim.'"

---

[1] Chatelain's SFIP was in effect from July 18, 2016 through July 18, 2017.

Dissatisfied with FEMA's payment, Chatelain, through counsel, wrote to FEMA on March 30, 2017 claiming that the prior payment "was deficient in unit cost and scope of work/damage." Accompanying the letter, Chatelain submitted a supplemental proof of loss for $319,069, along with his own private appraiser's report. On April 7, 2017, FEMA rejected in writing Chatelain's $319,069 supplemental proof of loss for insufficient documentation. Chatelain did not respond. Nor did he submit any additional material to FEMA.

On August 1, 2018, Chatelain sued the Department of Homeland Security and the Federal Emergency Management Agency, claiming that FEMA's "building payment was deficient by more than $150,000.00." The defendants now move for summary judgment dismissing the plaintiff's lawsuit as untimely.

I.

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine dispute as to any material fact such that the moving party is entitled to judgment as a matter of law. No genuine dispute of fact exists if

3

the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). A genuine dispute of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. See id. Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. Id. at 249-50 (citations omitted). Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party. See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992). Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress his claims. Id. Hearsay evidence and unsworn documents that cannot be presented in a form that would be admissible in evidence at trial do not qualify as competent opposing evidence. Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987); Fed. R. Civ. P. 56(c)(2). "[T]he nonmoving party cannot

defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." Hathaway v. Bazany, 507 F.3d 312, 319 (5th Cir. 2007)(internal quotation marks and citation omitted). In deciding whether a fact issue exists, courts must view the facts and draw reasonable inferences in the light most favorable to the nonmoving party. Scott v. Harris, 550 U.S. 372, 378 (2007). Although the Court must "resolve factual controversies in favor of the nonmoving party," it must do so "only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." Antoine v. First Student, Inc., 713 F.3d 824, 830 (5th Cir. 2013)(internal quotation marks and citation omitted).

II.

*A.*

Congress established the National Flood Insurance Program through the National Flood Insurance Act in 1968 to provide affordable flood insurance coverage at or below actuarial rates. See 42 U.S.C. §§ 4001, et seq.; Ferraro v. Liberty Mut. Fire Ins. Co., 796 F.3d 529, 531 (5th Cir. 2015). The NFIP, which is supported by funds from the federal treasury, is administered by the Federal Insurance and Mitigation Administration, which is

5

organized under the Federal Emergency Management Agency. See Gowland v. Aetna, 143 F.3d 951, 953 (5th Cir. 1998). All federal flood policies are issued in the form of a Standard Flood Insurance Policy and "no provision of the policy can be altered, varied, or waived without express written consent of the Federal Insurance Administrator." Id.; Ferraro, 796 F.3d at 531 ("An SFIP is 'a regulation of [FEMA], stating the conditions under which federal flood-insurance funds may be disbursed to eligible policyholders.'")(citation omitted).

"Because the NFIP puts at stake the government's liability, its regulations implicate sovereign immunity." Ferraro, 796 F.3d at 531. FEMA regulations mandate "strict adherence...to all terms of the SFIP." Forman v. Fed. Emergency Mgmt. Agency, 138 F.3d 543, 545 (5th Cir. 1998)(citing 44 C.F.R. § 61.13(a), (d), & (e)); see also Gowland, 143 F.3d at 954 ("[T]he provisions of an insurance policy issued pursuant to a federal program must be strictly construed and enforced."). The conditions precedent to filing suit to recover for flood damage are strictly enforced. See, e.g., Marseille Homeowners Condominium Assoc., Inc. v. Fidelity Nat'l Ins. Co., 542 F.3d 1053 (5th Cir. 2008); Wright v. Allstate Ins. Co., 415 F.3d 384, 387-88 (5th Cir. 2005); Gowland v. Aetna, 143 F.3d at 954; Forman, 138 F.3d at 545-46. To be sure, "[t]hose seeking public funds are held to a demanding standard and

are expected to comply with statutory requirements." Cohen v. Allstate Ins. Co., 924 F.3d 776, 780 (5th Cir. 2019).

When flood damage occurs to an NFIP participant's property, "FEMA...has established that a claimant must file a Proof of Loss containing certain specified information before his claim may be considered." Forman, 138 F.3d at 545-46. The NFIA, its implementing regulations, and the SFIP impose a one-year statute of limitations to file suit in district court if an insured seeks review of FEMA's denial of a flood insurance claim. 42 U.S.C. § 4072 ("[U]pon the disallowance...of any such claim, or upon the refusal of the claimant to accept the amount allowed upon any such claim, the claimant, within one year after the date of mailing of notice of disallowance or partial disallowance..., may institute an action against the Administrator on such claim in the United States district court."); 44 C.F.R. § 62.2(a)(same); 44 C.F.R. Pt. 61, App'x A(2), Art. VII(R)("If you do sue, you must start the suit within one year of the date of the written denial of all or part of the claim...."); Cohen, 924 F.3d at 778 (citing article VII(R) and noting that "the [one-year] limitations provision applies to any claim brought under the policy and to any dispute arising from the handling of such claim.").

*B.*

The defendants move for summary judgment dismissing Chatelain's lawsuit for failure to timely file suit within one year of FEMA's rejection of his proof of loss. Chatelain counters that the one-year clock never started because the defendants failed to send a rejection of his proof of loss *to his counsel*, and, he argues, that the defendants cannot prove that Chatelain himself ever received the April 7, 2017 denial of his proof of loss. The summary judgment record demonstrates that Chatelain's August 2018 lawsuit was not filed within one year of FEMA's denial or partial denial of his claim. Chatelain fails to submit any evidence creating a genuine dispute as to any material fact. Accordingly, summary relief in favor of the defendants must be granted.

The summary judgment record establishes this chronology relevant to the one-year statute of limitations imposed by Chatelain's SFIP and the NFIA on actions seeking judicial review of flood-insurance-claim denials:

- In August 2016, Chatelain claimed that his SFIP-insured property located at 29494 West Bates Road in Hammond was damaged by flooding. He immediately notified FEMA, which sent an adjuster.

8

- Chatelain submitted a proof of loss to FEMA dated October 28, 2016 in the amount of $75,898.48.

- Chatelain submitted a revised claim seeking $77,032.19.

- By letter dated November 28, 2016, FEMA accepted Chatelain's revised claim, explained that "[w]e have rescinded our total denial of your Proof of Loss and accepted your claim for the revised amount of $71,281.07[;]" and advised Chatelain "[i]f you do not agree with the final decision reached on your claim, please refer to your [SFIP]...which states...'If you do sue, you must start the suit within 1 year after the date of written denial of all or part of the claim.'"

- On March 30, 2017, Chatelain's counsel wrote to FEMA seeking additional payment on a supplemental proof of loss for $319,069.00 minus prior payments.

- On April 7, 2017, FEMA wrote to Chatelain at the insured property address, rejecting his $319,069 supplemental proof of loss for insufficient documentation.

- On August 1, 2018, Chatelain filed this lawsuit.

To authenticate the recounted correspondence, the defendants submit the sworn declaration of Robert Montgomery, an Insurance Examiner for the NFIP, who is responsible for reviewing NFIP claims and correspondence. He states that he reviewed Chatelain's claim

9

file and that "[t]he documents attached [to] this declaration were made at or near the time of the dates referenced therein and were made and kept in the course of FEMA's regularly conducted activities in administering the NFIP."

Based on this chronology, the defendants submit that Chatelain's lawsuit must be dismissed as untimely whether FEMA's November 28, 2016 letter or its April 7, 2017 letter is the operative clock-starter. The Court agrees.

1. Chatelain failed to file suit within one year of FEMA's mailing of its April 7, 2017 rejection letter.

The summary judgment record shows that FEMA paid Chatelain's initial revised claim, Chatelain submitted a supplemental proof of loss, FEMA rejected it by mailing a letter to Chatelain on April 7, 2017, and Chatelain filed suit more than one year later.[2] To

---

[2] The plaintiff does not appear to challenge whether the April 7, 2017 could suffice as a "written denial" of his March 30, 2017 proof of loss; rather, he focuses on whether the letter should have been addressed to his counsel and whether FEMA can prove that he received the letter. The Court need not determine whether, as a matter of law, the written rejection of a proof of loss constitutes a written denial of a claim. See Migliaro v. Fidelity Nat'l Indem. Ins. Co., 880 F.3d 660, 664 n.7 (3d Cir. 2018) (collecting cases and observing that no federal court "has categorically determined whether the rejection of a proof of loss constitutes a 'written denial of all or part of the claim.'"). Just like in Migliaro, the record here is sufficient to determine that "by filing suit, [Chatelain] himself held out the...letter rejecting his proof of loss as a denial of his claim..." See id. at 665. By exercising his right under SFIP art. VII(M)(2)(b) to file suit after FEMA's April 7, 2017 rejection of his supplemental

avoid summary judgment, Chatelain seeks to create a factual controversy concerning the April 7, 2017 letter. He takes issue with the addressee, arguing that FEMA did not send the rejection of his March 30, 2017 proof of loss "to [his] counsel." And, he argues that the defendants have "no proof" that the April 7, 2017 rejection letter "was actually sent and/or received by [Chatelain]." The defendants reply that the plaintiff's mere argument, without evidence, fail to identify any genuine disputes of material fact. The Court agrees.[3]

Summary judgment procedure mandates that "[a] party asserting that a fact...is genuinely disputed must support the assertion by citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations..., admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). Yet Chatelain identifies no record evidence in support of his arguments regarding the mailing or receipt of the April 7, 2017 letter. The defendants submit Mr. Montgomery's sworn

---

proof of loss, the rational inference is that Chatelain treated FEMA's rejection letter as a claim denial. By filing suit more than one year after that rejection letter, Chatelain untimely exercised his rights and his lawsuit must be dismissed as untimely.

[3] One can only wonder why, if, as he infers, no one knew of the rejection of his claim he or his counsel made no further inquiry before filing suit. His argument corrupts logic and common sense.

declaration, which states that "[o]n April 7, 2017, FEMA responded in writing [to Chatelain's March 30, 2017 letter], rejecting Chatelain's $319,069.00 proof of loss for insufficient documentation[;]" and an April 7, 2017 letter from FEMA to Chatelain is included as an exhibit to Montgomery's declaration. In response to this competent summary judgment evidence, Chatelain offers mere argument. He offers no support for his suggestion that a FEMA rejection letter addressed to the insured at the insured's residence renders the letter ineffective. Likewise, he offers nothing more than argument (regarding "proof" that the letter was sent or received)[4] to contend with the defendants'

---

[4] Chatelain does not submit a declaration of his own in which he makes a statement probative of whether he received the April 7, 2017 letter. There is no factual controversy to resolve in his favor; the Court must resolve factual controversies in favor of the nonmoving party only when "there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." Antoine v. First Student, Inc., 713 F.3d 824, 830 (5th Cir. 2013)(internal quotation marks and citation omitted). The Court thus need not determine whether a sworn statement by Chatelain that he did not receive the letter would create a factual controversy concerning whether FEMA mailed the April 7, 2017 letter. Notably, the one-year statute of limitations runs from the date of FEMA's mailing, not the date of the insured's receipt. See 42 U.S.C. 4072; see also 44 C.F.R. pt. 61, app. A(2), art. VII(R); see also Cohen v. Allstate Ins. Co., No. 17-2484, 2018 WL 1144761, at *5 (S.D. Tex. March 2, 2018)("Even if [the plaintiff's and his adjuster's] statements that they never received the [denial] letters are true, the critical fact is mailing, not receipt."), aff'd. Because FEMA submitted a sworn declaration in support of its assertion that it rejected Chatelain's supplemental proof of loss in written correspondence to him dated April 7, 2017, and there is no evidence in the record to genuinely dispute this

12

evidentiary submission.  But a mere argued existence of a factual dispute does not defeat the defendants' supported motion.  No reasonable jury could return a verdict for Chatelain on this issue; he has identified no genuine dispute of material fact.[5]  On this record, no reasonable fact-finder could conclude that FEMA failed to mail its rejection of Chatelain's supplemental proof of loss to his residence, thereby triggering the statute of limitations.  Summary judgment in favor of the defendants is warranted.

    2.   Chatelain failed to file suit within one year of FEMA's mailing of its November 28, 2016 denial letter.

The defendants alternatively submit that Chatelain's lawsuit was untimely when measured from the November 28, 2016 partial disallowance of his original proof of loss.  Chatelain fails to respond to this argument.  Chatelain admits that FEMA partially denied his original proof of loss and mailed him a letter on November 28, 2016 explaining its denial and alerting him to the one-year statute of limitations to file suit.  Even if Chatelain had submitted evidence creating a genuine dispute regarding whether FEMA mailed the April 7, 2017 letter or if he had persuaded

---

material fact, summary judgment in favor of the defendants is warranted.

[5] Again, a genuine dispute of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).

the Court that the April 7 letter did not effect a claim denial, on this record, that simply results in Chatelain's August 2018 lawsuit being tardier. Chatelain has failed to dispute that FEMA's November 28, 2016 triggered the one-year statute of limitations by denying part of Chatelain's claim. Thus, summary judgment is equally appropriate considering that Chatelain's August 1, 2018 lawsuit was filed more than 20 months after FEMA sent the November 28, 2016 partial denial letter.

Because Chatelain's lawsuit was untimely no matter which FEMA letter started the clock, IT IS ORDERED: that the defendants' motion for summary judgment is hereby GRANTED. The plaintiff's claims are hereby dismissed with prejudice.

New Orleans, Louisiana, July 25, 2019

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE